UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Jamie Moore f/k/a James Moore<br>    Plaintiff,<br><br>v.<br><br>ATS Carolina, Inc.; Applied Technical Services, Inc.; ATS Automation Tooling Systems, Inc.; A.T.S., Inc.; Patriot Technical Consulting-PTC; Entegee, Inc. d/b/a Patriot Technical Consulting-PTC<br>    Defendants. | CASE NO.: _____<br><br><br>**COMPLAINT**<br>(**Jury Trial Requested**) |

## **JURISDICTION AND PARTIES**

1.  This suit is brought and jurisdiction lies pursuant to the Title VII of the US Civil Rights Act of 1964, on the basis of sex (female), Title VII of the US Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq., in violation of the SC Human Affairs Law and Executive Order 11246, issued July 21, 2014.

2.  All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5 have occurred or been complied with.

    a.  A charge of employment discrimination on basis of gender discrimination, retaliation and retaliatory discharge was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC").

    b.  Notification of the Right to Sue was received from EEOC on or about May 12, 2016.

    c.  This Complaint has been filed within 90 days of receipt of EEOC's Dismissal and Notice of the Right to Sue.

3.  The Plaintiff, Jamie Moore f/k/a James Moore, at all relevant times herein, was a citizen and resident of the State of South Carolina, and resided in Richland County, South Carolina.

4.  All discriminatory employment practices alleged herein were committed within the State of South Carolina.

5.  Defendant ATS Carolina, Inc., upon information and belief, is a foreign corporation incorporated in Delaware and doing business and maintaining offices and agents in the County of York, State of South Carolina and operating under the laws of the State of South Carolina.

1

6.      Defendant Applied Technical Services, Inc., upon information and belief, is a foreign corporation incorporated in Georgia and doing business and maintaining offices and agents in the County of York, State of South Carolina and operating under the laws of the State of South Carolina.

7.      Defendant ATS Automation Tooling Systems, Inc. upon information and belief, a corporation organized, existing, and headquartered in Ontario, Canada, and is authorized to do business on a regular basis within the United States of America and within the State South Carolina.

8.      Defendant A.T.S., Inc. is a domestic corporation organized and doing business in the State of South Carolina, and at all times herein operated as a business within the State of South Carolina.

9.      Defendant Patriot Technical Consulting-PTC, upon information and belief is a is a foreign corporation incorporated in New Hampshire and doing business and maintaining offices and agents in the County of York, State of South Carolina and operating under the laws of the State of South Carolina.

10.     Defendant Entegee, Inc. d/b/a Patriot Technical Consulting-PTC, is a foreign corporation incorporated in New Hampshire and doing business and maintaining offices and agents in the County of York, State of South Carolina and operating under the laws of the State of South Carolina.

11.     The Defendants are a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

12.     The Defendants are an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

13.     The Defendants employ fifteen (15) or more employees and is an "employer" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

14.     The parties, matters and all things and matters hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

15.     The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

16.     The Plaintiff was born a biological male but living and transitioning to a female since before the incident that is the subject matter of this litigation.

17.     On or about August 20, 2015, the Plaintiff received a letter of employment to begin working for the Defendants ATS Carolina, Inc., Applied Technical Services, Inc., ATS Automation Tooling Systems, Inc., and A.T.S., Inc. through Defendants Patriot Technical

2

Consulting-PTC and Entegee, Inc. d/b/a Patriot Technical Consulting-PTC. The Plaintiff received this letter from Defendants Senior Recruiting Manager Michael Catanzano.

18.     On or about August 31, 2015, the Plaintiff arrived for her first day of work with the Defendants and met with Defendants' supervisor Mark Fitch. Mr. Fitch asked the Plaintiff to wait, as she had arrived early.

19.     While the Plaintiff was waiting to begin her first day of work, she received a telephone call from the Defendants Recruiting Manager Mr. Catanzano. Mr. Catanzano informed the Plaintiff that she no longer had employment with the Defendants as "they were not expecting a woman" and the Plaintiff "did not fit the company's culture."

20.     The Plaintiff was terminated, retaliated against, and discriminated against by the Defendants based on her gender, gender identity, and/or sexual orientation.

## FOR A FIRST CAUSE OF ACTION
### Violation of Civil Rights/Discrimination Under Title VII

21.     The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

22.     At all times the Plaintiff was willing and able to performing her job satisfactorily.

23.     The Plaintiff is a member of a protected group on the basis of her gender, gender identity, and/or sexual orientation.

24.     The Plaintiff was discriminated against and denied employment and equal pay due to her gender, gender identity, and/or sexual orientation (female) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

25.     Similarly situated male employees received preferential treatment by being able to be employed without the repercussions to which the Plaintiff was subjected, due to her gender, gender identity, and/or sexual orientation.

26.     The Plaintiff was discriminated against by the Defendants when they singled her out based on her gender, gender identity, and/or sexual orientation.

27.     The Defendants were wanton, reckless, wanton and intentional in the discrimination of the Plaintiff in failing to employ the Plaintiff due to her gender, gender identity, and/or sexual orientation;

28.     The Defendants violated Title VII of the Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.), by allowing the sex and/or gender, gender identity, and/or sexual orientation discrimination and preferential treatment, harassment and retaliation to exist in the workplace.

29.     That in failing to protect the Plaintiff from her gender, gender identity, and/or sexual orientation discrimination, harassment and retaliation or preferential treatment, the Defendants

acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.), the South Carolina Human Affairs Law and Equal Employment Opportunity Commission and Executive Order 11246, issued July 21, 2014.

30.     As a direct and proximate result of the Defendants' discrimination on the basis of her gender, gender identity, and/or sexual orientation, the Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

31.     The Defendants' employment discrimination and discharge of the Plaintiff has caused, continues to cause, and will cause the Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, pain and suffering, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

32.     Due to the acts of the Defendants, its agents and employees, the Plaintiff is entitled to injunctive relief and/or civil damages, to include punitive damages, attorney's fees and costs, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay, and all other remuneration to which she may be entitled by law.

## **REQUEST FOR RELIEF**

33.     The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

34.     Due to the acts of the Defendants, the Plaintiff suffered great emotional and mental distress, terror, fright, revulsion, disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay, and other work benefits.

35.     By reason of such wrongful acts of the Defendants, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, the Plaintiff prays for the following relief:

1.      Judgment in favor of the Plaintiff and against the Defendants for all causes of action in an amount which is fair, just and reasonable, and for compensatory damages;

2.      Prejudgment interest, costs and attorney's fees as may be allowed by law;

3.      Judgment in favor of the Plaintiff and against the Defendants with back pay and associated benefits she would have earned with all lost or diminished benefits such date to be determined by the trier of fact;

4.      Judgment in favor of the Plaintiff and against the Defendants for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

5.  Judgment in favor of the Plaintiff and against the Defendants for embarrassment and humiliation, and emotional distress and medical treatment in an amount to be determined by the trier of fact; and

6.  Judgment against the Defendants, in such an amount of actual damages, punitive damages, attorney's fees, costs of this action and any other relief this Honorable Court deems allowable under law, just and proper.

**WIGGER LAW FIRM, INC.**

s/*Joshua T. Howle*
Joshua T. Howle  (Fed. I.D. #11759)
Attorney for Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC 29406
Telephone:     (843) 553-9800
Facsimile:      (843) 553-1648

North Charleston, South Carolina
August 5, 2016